Honorable Eugene B. Overhoff Prosecuting Attorney of Crawford County P. O. Box 486 Steelville, Missouri 65565
Dear Mr. Overhoff:
This opinion is in answer to your following questions:
 "Do bids received of banking corporations in answer to a public notice calling for a proposal to act as county depository for public funds pursuant to Statute 110.010
include all of the funds of the county or just those stated in another part of the invitation to bid as funds coming into the hands of the Treasurer of Crawford Co., Mo.?
 "Would funds coming into the County Collector in payment of taxes etc. be a part of the public funds of the county so as to be included in the bids submitted by the banking corporations in answer to the invitation to bid?
 "What are public funds of every county as designated in 110.010 and when do those funds become public funds?
 "If the funds coming into the Co. collector's office are not included in the bid, can the county court, under Chap. 52.020
order the county collector to make daily deposits in the bank designated as a county depository in answer to the invitation to bids or must new bids be requested and received in order to cover the funds of the county collector?"
You supplied us with a copy of the invitation for bids for county depositary of Crawford County, Missouri, and indicated verbally that the county court has required the county collector to make daily deposits.
The statutes which are applicable to your question are as follows:
Section 52.020.2 provides:
 "In all third and fourth class counties the county court may require the county collector to deposit daily all collections of money in the depositaries selected by the county court in accordance with the provisions of sections 110.130 to 110.150, RSMo,
to the credit of a fund to be known as `County Collector's Fund'. The depositaries are bound to account for the moneys in the county collector's fund in the same manner as the public funds of every kind and description going into the hands of the county treasurer and shall provide security for the deposits in the manner required by section 110.010, RSMo. If daily deposits are required to be made, the county courts may also require that the bond of the county collector shall be in the sum equal to one-fourth of the largest amount collected during any one month of the year immediately preceding his election or appointment, plus ten percent of the amount. No county collector shall be required to make daily deposits for days when his collections do not total at least one hundred dollars." (Emphasis added)
Section 110.130.1, RSMo 1969, provides:
 "Subject to the provisions of section 110.030
the county court of each county in this state, at the May term, in each odd-numbered year, shall receive proposals from banking corporations or associations at the county seat of the county which desire to be selected as the depositaries of the funds of the county. For the purpose of letting the funds the county court shall, by order of record, divide the funds into not less than two nor more than twelve equal parts, except that in counties of the first class not having a charter form of government, funds shall be divided in not less than two nor more than twenty equal parts, and the bids provided for in sections 110.140
and 110.150 may be for one or more of the parts."
Section 110.150.1, RSMo Supp. 1975, provides:
 "The county court, at noon on the first day of the May term in each odd-numbered year, shall publicly open the bids, and cause each bid to be entered upon the records of the court, and shall select as the depositaries of all the public funds of every kind and description going into the hands of the county treasurer, and also all the public funds of every kind and description going into the hands of the ex officio collector in counties under township organization, the deposit of which is not otherwise provided for by law, the banking corporations or associations whose bids respectively made for one or more of the parts of the funds shall in the aggregate constitute the largest offer for the payment of interest per annum for the funds; but the court may reject any and all bids."
Crawford County is a third class county. Thus, Section52.020.2 is applicable. Since the county court requires the county collector to make deposits under Section 52.020.2 daily, it is our view that collections of the county collector should be deposited in the county depositary selected under the bidding procedure employed by Crawford County pursuant to statute.
You have asked whether the invitation for bids encompasses collections made by county collectors. Our view is that these collections are public funds; and, as required by the county court under Section 52.020.2, the collections must be deposited daily in the depositary or depositaries selected by the county court as provided by law.
It is pointed out that the matter of county collectors and county depositaries has been dealt with in a related opinion, Opinion No. 110 dated June 3, 1977 (copy enclosed), which describes the obligations of county collectors in third and fourth class counties to make daily deposits of their collections in depositaries selected by county courts.
CONCLUSION
It is the opinion of this office that when the county court of a third class county, under Section 52.020.2, RSMo 1969, has required the county collector to deposit all daily collections of money in depositaries selected by the county courts in accordance with Sections 110.130 through 110.150, RSMo, the county collector must make such daily deposits in such county depositaries.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 110 Keyes, 6-3-77